IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **In re:** § <br> **Chesapeake Energy Corporation,** *et al.* § <br> **Debtors**[1] § <br> § <br> § <br> § | **Chapter 11** <br><br> **Case No. 20-33233 (S.D. Tex. Bankr.)** <br><br> **(Jointly Administered)** |
| **Carol Glock, Individually and on Behalf of All Others Similarly Situated** § <br><br> **Plaintiff,** § <br><br> **v.** § <br><br> **FTS International, Inc., Michael J. Doss, Lance Turner, Goh Yong Siang, Boon Sim, Domenic J. Dell'Osso, Jr., Bryan J. Lemmerman, Ong Tiong Sin, Carol J. Johnson, Maju Investments (Mauritius) Pte Ltd, Credit Suisse Securities (US) LLC, and Morgan Stanley & Co. LLC** § <br><br> **Defendants** § | **No. _____** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452(a), Defendants file this Notice of Removal of Case No. DC-19-02668 in the 160th Judicial District Court of Dallas County, Texas (the "Securities Action") to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.[2]

This Adversary Proceeding is comprised solely of federal securities law claims brought

---

[1] The debtors in these chapter 11 cases are Chesapeake Energy Corporation and forty affiliated companies, including CHK Energy Holdings, Inc.

[2] Defendants believe this matter should be transferred pursuant to 28 U.S.C. § 1412 to the United States District Court for the Southern District of Texas, Houston Division, where the above-referenced bankruptcy is pending. Following removal Defendants will confer with Plaintiff on such transfer, and thereafter file a motion to transfer with the Court.

NOTICE OF REMOVAL – PAGE 1

under Sections 11 and 15 of the Securities Act of 1933, related to the initial public offering ("IPO") of common stock issuer FTS International, Inc. ("FTSI"). The Securities Action was initially filed in state court against FTSI, its directors at the time of the of the IPO,[3] pre-IPO shareholders CHK Energy Holdings, Inc. and Maju Investments (Mauritius) Pte Ltd ("Maju"); Chesapeake Energy Corporation; and lead IPO underwriters Credit Suisse Securities (USA) LLC and Morgan Stanley & Co. LLC (the "Underwriter Defendants"). On June 18, 2020, citing press reports of Chesapeake Energy Corporation's and CHK Energy Holdings, Inc.'s (collectively, the "Debtor Former Defendants") plans to initiate voluntary Chapter 11 bankruptcy proceedings, Plaintiff dismissed her claims against the Debtor Former Defendants, without prejudice to refiling. Ten days later, the Debtor Former Defendants and their debtor affiliates (collectively, the "Debtors") initiated the above-captioned voluntary bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chesapeake Bankruptcy").

Federal courts have "related to" subject matter jurisdiction pursuant to 28 U.S.C. § 1334 over any proceeding that "could *conceivably* affect the estate being administered in the bankruptcy." *Lone Star Fund (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As set forth below, the Securities Action could affect the Debtors' estates and is thus "related to" the Chesapeake Bankruptcy, giving this Court jurisdiction over the Securities Action.

## BACKGROUND

1. On February 1, 2018, FTSI filed a Registration Statement with the United States Securities Exchange Commission, pursuant to which it first offered shares of its common stock to the public in the IPO. Amended Petition for Violation of the Securities Act of 1933 ("Am. Pet.") ¶ 5 n.1.

---

[3] Michael J. Doss, Lance Turner, Goh Yong Siang, Boon Sim, Domenic J. Dell'Osso, Jr., Bryan J. Lemmerman, Ong Tiong Sin, and Carol J. Johnson (the "Director Defendants").

2. On February 22, 2019, Plaintiff initiated the Securities Action against Defendants and the Debtor Former Defendants. Plaintiff filed the lawsuit "individually and on behalf of all others similarly situated," and seeks to maintain her claims "as a class action on behalf of all persons or entities who purchased FTSI shares in or traceable to the IPO," which she defines in her petition as the "Class." *Id*. at 1, ¶¶ 100–105. Plaintiff filed an Amended Petition, asserting the same claims, on September 16, 2019.

3. Plaintiff alleges that "[t]he Registration Statement was inaccurate and misleading, contained untrue statements of material fact, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein." Am. Pet. ¶ 109. Plaintiff seeks to hold FTSI, the Director Defendants, and the Underwriter Defendants strictly liable under Section 11 of the Securities Act for the allegedly inaccurate Registration Statement, and further seeks to hold the Director Defendants and Maju liable under Section 15 of the Securities Act for allegedly "controlling" the primary Section 11 violation. *Id*. ¶¶ 106–120. Defendants have denied and continue to deny Plaintiff's allegations.

4. Until their dismissal, Plaintiff also sought to hold the Debtor Former Defendants liable for both the alleged primary violation of Section 11 (as alleged additional "Underwriter Defendants") and for the alleged Section 15 "control person" violation (as alleged "Controlling Shareholders" of FTSI). *Id*. ¶¶ 32, 36. The Debtor Former Defendants also denied Plaintiff's allegations.

5. Plaintiff's primary allegation is found in a section of the Amended Petition titled, "**The Registration Statement Was False and Misleading as It Omitted a Change in Trend in Revenue Derived from Defendant Chesapeake, a Related Party and Controlling Shareholder of FTSI that Sold $78 million in Stock in the IPO**." *Id.* at 19. In it, Plaintiff alleges that

"Chesapeake was a controlling shareholder of FTSI, and, together with defendant Maju, it effectively controlled 74.5% of the Company's voting stock and a majority of the Board at the time of the IPO, had hand-selected the Company's management, and had cemented its power over the Company through various shareholder agreements."[4]  *Id.* ¶ 45.  According to Plaintiff, FTSI's "Registration Statement highlighted astounding revenue growth, largely on the back of increased revenue derived from defendant Chesapeake."  *Id.* ¶ 5.  However, Plaintiff alleges that the Debtor Former Defendants only "temporarily boosted . . . payments to FTSI in the nine months leading up to the IPO," and that those payments began to decline prior to the IPO.  *Id.* ¶¶ 5, 7.  Plaintiff further asserts that in the year following the IPO "Chesapeake's revenue contributions to FTSI . . . dwindled to essentially *zero*."  *Id.* ¶ 7 (emphasis in original).  Plaintiff alleges that the "Registration Statement was false and misleading as it failed to disclose a reversal in the historic growth trend for revenue derived from defendant Chesapeake," and that "Chesapeake's temporary propping up of FTSI's revenue and the failure to disclose a change in this trend that predated the IPO in the Registration Statement also rendered the statements regarding FTSI's revenue, net income and earnings for the first nine months of 2017 contained therein materially misleading."  *Id.* ¶¶ 46, 49.  "Critically," according to Plaintiff, "Chesapeake was not an uninterested third party, but one of the Company's long-time controlling shareholders, an IPO underwriter, and *a major seller of FTSI stock in the offering*."  *Id.* ¶ 7 (emphasis in original).

6.  Plaintiff further alleges that the Debtor Former Defendants "played a substantial role in preparing the Registration Statement," including that "Chesapeake furnished information to the Company for inclusion in the Registration Statement and certified the accuracy of information contained in the Prospectus."  *Id.* ¶ 30.

---

[4]  Maju denies that it exercised such control.  Moreover, Maju sold no common stock in the IPO.

7. On June 18, 2020, Plaintiff filed in the 160th Judicial District Court of Dallas County, Texas notices of dismissal without prejudice of Chesapeake Energy Corporation and CHK Energy Holdings, Inc., citing press reports that "Chesapeake Energy has indicated that it will file for bankruptcy." (Nots. Of Dism., June 22, 2020).

8. On June 28, 2020, each of the Debtors filed a voluntary Chapter 11 petition, commencing a reorganization case in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. The Chapter 11 cases are jointly administered under Case No. 20-33233 (DRJ) and styled as *In re Chesapeake Energy Corporation, et al*.

**BASIS FOR REMOVAL**

9. Section 1452 allows defendants to "remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 grants this Court original jurisdiction over all civil proceedings "related to cases under title 11." 28 U.S.C. § 1334(b); *see also* N.D. Tex. Misc. Order No. 33 (1984) (the "Standing Order") ("[A]ny or all proceedings . . . related to a case under Title 11 . . . . filed in this district . . . are referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law.").

10. "[A] proceeding properly invokes federal 'related to' jurisdiction [if] the outcome of the proceeding could conceivably affect that estate being administered in bankruptcy." *In re TXNB Internal* Case, 483 F.3d 292, 298 (5th Cir. 2007). "Certainty" that the outcome of the proceeding will affect the estate "is unnecessary." *Id.* Rather, "an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Id.*; *see Lone Star*, 594 F.3d at 386; *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, No. 3:08-CV-0261-L, 2008

WL 4449508, at *3 (N.D. Tex. Sept. 30, 2008).  Here, the outcome of the Securities Action could conceivably affect Debtors' estates in several respects.

11. Though the Debtor Former Defendants are no longer Defendants to the Securities Action, their conduct—including their alleged joint conduct with remaining Defendants—remains inexorably a part of the Securities Action.  Those remaining Defendants include Domenic J. Dell'Osso, the Executive Vice President and Chief Financial Officer of Debtor Chesapeake Energy Corporation, who in that role is deeply involved in the Chesapeake Bankruptcy.  The remaining Defendants also include Brian Lemmerman, Chesapeake Energy Corporation's former Vice President of Business Development.  The Debtors designated Mr. Dell'Osso and Mr. Lemmerman to FTSI's board of directors prior to the IPO, and as "board designee[s] of Chesapeake" they (like all of FTSI's directors) signed FTSI's Registration Statement.[5]  As a result each may be owed indemnity by Debtors pursuant to Chesapeake Energy Corporation's Certificate of Incorporation, which states:

> The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action . . . by reason of the fact that he is or was a director, officer, employee or agent of the Corporation or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture or other enterprise against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit or proceeding, if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interest of the Corporation . . . .

Ex. D, Restated Certificate of Incorporation of Chesapeake Energy Corporation, Art. VIII. The proceeding and outcome of the Securities Action may impact both Mr. Dell'Osso's and Mr. Lemmerman's need for such indemnity from Debtors, and Debtors' obligation to provide such indemnity.

---

[5]  Mr. Dell'Osso remains a member of FTSI's board of directors.

12. The Debtors' indemnity rights and obligations arising under the Registration Rights Agreement with FTSI will also be impacted by the Securities Action. Under that Registration Rights Agreement, FTSI has agreed to indemnify Debtor CHK Energy Holdings, Inc. and certain affiliates for costs they incur (as a party or otherwise) related to Securities Act claims arising out of the Registration Statement:

> [FTSI] shall indemnify and hold harmless [Debtor CHK Energy Holdings, Inc. and certain affiliates] from and against any and all losses, claims, damages, liabilities, joint or several, costs . . . and expenses, judgments, fines, penalties, interest, settlements or other amounts arising from any and all proceedings . . . in which [Debtor CHK Energy Holdings, Inc. and certain affiliates] may be involved, or is threatened to be involved, as a party or otherwise, under the Securities Act or otherwise, . . . relating to . . . any untrue or alleged untrue statement of a material fact contained in any Registration Statement . . . or the omission or alleged omission to state therein a material fact required to be stated therein.

Ex. E, Registration Rights Agreement §6(a). However, FTSI has no such obligation if the costs arise from proceedings based on alleged untrue statements or omissions made in reliance on written information furnished by Chesapeake:

> [FTSI] shall not be liable to any Indemnified Person to the extent that any such Losses arise out of, are based upon or results from an untrue or alleged untrue statement or omission or alleged omission made in such Registration Statement . . . in reliance upon and in conformity with written information furnished to the Company by or on behalf of such Indemnified Person specifically for use in the preparation thereof.

*Id.* In that event, FTSI would instead have a right to indemnity from Debtor CHK Energy Holdings, Inc. "to the extent . . . that such untrue statement or omission is contained in any information furnished in writing by or on behalf of [CHK Energy Holdings, Inc.] to [FTSI] specifically for inclusion in such Registration Statement or Prospectus." *Id*. § 6(b). CHK Energy Holdings, Inc. and FTSI have notified one another of their respective beliefs that the other may have indemnification obligations for the Securities Action under the Registration Rights

Agreement.[6]  CHK Energy Holdings, Inc. disputes that it has any obligation to indemnify FTSI for any claims in the Securities Action.  The Securities Action will affect whether and to what extent FTSI is required to indemnify the Debtor Former Defendants, or the Debtor Former Defendants are required to indemnify FTSI.

13.  The Securities Action will also affect the existence and amount of any claim for contribution that any remaining Defendant may have against the Debtors.  *See* 15 U.S.C. § 77k(f)(1) (providing for recovery of contribution from non-parties in Securities Act claims).

14.  Prior to their recent dismissal, Plaintiff served voluminous document requests on the Debtor Former Defendants, which the Debtor Former Defendants had not yet satisfied as of their dismissal.  As the Securities Action proceeds, not only may significant non-party document and other discovery be necessary from the Debtor Former Defendants, but several current and former officers and employees of the Debtors may also be required to give deposition testimony, produce documents, or testify at trial.  The burden and expense of this discovery, along with discovery from remaining Defendant Mr. Dell'Osso, will affect the Debtors and their bankruptcy estates.

15.  Plaintiff originally sought to hold the Debtor Former Defendants jointly and severally liable with the remaining Defendants.  By dismissing her claims without prejudice, Plaintiff has not foreclosed her ability to continue to seek to hold Debtor Former Defendants liable for their alleged joint conduct with the remaining Defendants.  Plaintiff—or any of the other putative members of the Class—may still seek to hold Debtor Former Defendants liable, through a claim made in the Chesapeake Bankruptcy or otherwise.  Discovery taken in the Securities

---

[6] As of the date hereof, the Debtors have only recently commenced their bankruptcy cases.  No bar date has yet been set, but FTSI intends to file one or more proofs of claim against the Debtor Former Defendants and any other applicable Debtor in respect of such indemnity claims.

Action—of the Debtor Former Defendants; of their current and former officers and employees, including their CFO, Mr. Dell'Osso; of the remaining Defendants; of other non-parties; and of Plaintiff and the Class—could affect such claims against the Debtors. Rulings from the presiding court on discovery and substantive issues could likewise impact such claims. Some such rulings could even have res judicata, collateral estoppel, or other preclusive impact that could harm or benefit the Debtor Former Defendants' defense of any claim.

16. For each of these reasons, the Securities Action could alter, positively or negatively, the Debtors' rights, liabilities, options, or freedom of action or could influence the administration of the Chesapeake Bankruptcy estate. *See Lone Star*, 594 F.3d at 386. The Securities Action is related to the Chesapeake Bankruptcy under 28 U.S.C. § 1334(b), and removal is proper under 28 U.S.C. § 1452(a).

17. Removal is proper under 28 U.S.C. § 1452(a) despite the non-removal provisions of Section 22(a) of the Securities Act of 1933. *See, e.g.*, *Cal. Pub. Emps. Retirement Sys. v. Worldcom, Inc.*, 368 F.3d 86, 90 (2d Cir. 2004); *Lone Star*, 594 F.3d at 387.

### OTHER PROCEDURAL REQUIREMENTS

18. This is the proper court for Defendants to remove the Securities Action to because it is the bankruptcy court for the district where the Securities Action was pending. *See* 28 U.S.C. § 1452; Fed. R. Bankr. P. 9027(a)(1); Standing Order.

19. Removal of the Securities Action is timely because 90 days have not lapsed since the order for relief was issued in the Chesapeake Chapter 11 case, on June 28, 2020. *See* Fed. R. Bankr. P. 9027(2); *see also* 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of [the Bankruptcy Code] constitutes an order for relief under such chapter.").

20. Promptly after filing this Notice of Removal, Defendants will provide written notice to Plaintiff of this filing. Defendants will also file a copy with the clerk of the 160th Judicial

District Court of Dallas County, Texas and provide notice to the clerk of the Texas Supreme Court, where an original proceeding arising out of the Securities Action is now pending.

21. Copies of all process and pleadings in the Securities Action, along with all pleadings filed in the Dallas Court of Appeals and Texas Supreme Court related in original proceedings stemming from the Securities Action, are attached to this notice as Exhibits A1–A120, B1–B17 and C1, as required by Federal Rule of Bankruptcy Procedure 9027(1) and N.D. Tex. Local Bankruptcy Rule 9027-1(c). If additional documents relating to the Securities Action are required, Defendants will submit such documents.

22. As required by Federal Rule of Bankruptcy Procedure 9027(a)(1), Defendants state that the claims asserted against them are non-core, within the meaning of 28 U.S.C. § 157(b), and that they consent to entry of final orders or judgment by the bankruptcy judge.

### JURY DEMAND

23. Plaintiff demanded a jury in the Securities Action.

### CONCLUSION

24. Defendants provide notice that the Securities Action is removed from the 160th Judicial District Court of Dallas County, Texas to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division under 28 U.S.C. § 1452(a).

Respectfully submitted,

By: */s/ Jessica B. Pulliam* .
    Jessica B. Pulliam
    Texas Bar. No. 24037309
    John B. Lawrence
    Texas Bar No. 24055825
    Jordan A. Kazlow
    Texas Bar No. 24101994
    Christopher C. Cyrus
    Texas Bar No. 24097110
    Fareed Kaisani
    Texas Bar No. 24104017
    Baker Botts L.L.P.
    2001 Ross Avenue, Suite 900
    Dallas, Texas 75201
    Tel.: (214) 953-6500
    Fax: (214) 953-6503
    jessica.pulliam@bakerbotts.com
    john.lawrence@bakerbotts.com
    jordan.kazlow@bakerbotts.com
    christopher.cyrus@bakerbotts.com
    fareed.kaisani@bakerbotts.com

*Attorneys for FTS International, Inc., Maju Investments (Mauritius) Pte Ltd, Michael J. Doss, Lance Turner, Goh Yong Siang, Boon Sim, Ong Tiong Sin, and Carol J. Johnson*

By: */s/ M. Scott Barnard* .
    M. Scott Barnard
    Texas Bar No. 24001690
    Michelle A. Reed
    Texas Bar No. 24041758
    Jessica Mannon
    Texas Bar No. 24106247
    Akin Gump Strauss Hauer & Feld LLP
    2300 North Field Street, Suite 1800
    Dallas, Texas 75201
    Tel.: (214) 969-2800
    Fax: (214) 969-4343
    sbarnard@akingump.com
    mreed@akingump.com
    jmannon@akingump.com

*Attorneys for Domenic J. Dell'Osso Jr. and Bryan J. Lemmerman*

By: */s/ Jeffrey M. Tillotson* .
    Jeffrey M. Tillotson
    Texas Bar. No. 20039200
    Tillotson Law
    1807 Ross Avenue, Suite 325
    Dallas, Texas 75201
    Tel.: (214) 382-3041
    Fax: (214) 292-6564
    jtillotson@tillotsonlaw.com

    Jeff G. Hammel
    Blake T. Denton
    Latham & Watkins
    885 Third Avenue
    New York, New York 10022
    Tel.:(212) 906-1200
    Fax: (212) 751-4864
    jeff.hammel@lw.com
    blake.denton@lw.com

*Attorneys for Credit Suisse Securities (USA) LLC and Morgan Stanley & Co. LLC*

## CERTIFICATE OF SERVICE

I certify that on July 6, 2020, a true and correct copy of the forgoing was served on all counsel of record.

                                          */s/ Fareed Kaisani* .
                                          Fareed Kaisani